RANDOLPH DAAR, CSB # 88195
Pier 5 Law Offices
506 Broadway
San Francisco, CA  94133
Tel:  (415) 986-5591
Fax:  (415) 421-1331

MATTHEW KUMIN, CSB # 177561
LAW OFFICES OF MATTHEW KUMIN
870 Market Street, Suite 1128
San Francisco, CA  94102
Tel: 415-434-8454
Fax: 415-434-8453

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET DEAN, individually, as successor to PAUL DEAN, and as Guardian ad litem for MARETA DEAN, a minor, and DARYL DEAN, a minor, SARA BECK, individually and AS GUARDIAN AD LITEM FOR MATTHEW DEAN, a minor,<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE CHIEF HEATHER FONG, SAN FRANCISCO POLICE OFFICER DANNY MAY, DOES 1-50.<br><br>　　　　　　　　　Defendants. | Case No<br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL<br>(JURY TRIAL DEMANDED)<br><br>42 U.S.C. §1983 (CIVIL RIGHTS); 42 U.S.C §1983 (<u>MONELL</u>); ASSAULT AND BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; CIVIL CODE §52.1; WRONGFUL DEATH; NEGLIGENT SELECTION, TRAINING, RETENTION, SUPERVISION, INVESTIGATION AND DISCIPLINE; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS. |

## INTRODUCTION

1.      This is an action for damages for severe personal injuries, emotional distress, and infringement of Fourth Amendment and other Constitutional and common law rights suffered by plaintiffs.

## JURISDICTION AND VENUE

2.      This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this court by Title 28 of the United States Code, Sections 1331, 1343, and 1367.  The unlawful acts and practices alleged occurred in the City and County of San Francisco, which is within this judicial district.

## PARTIES

3. Plaintiff, JANET DEAN, is a successor in interest to the ESTATE of the decedent PAUL DEAN.   She is also the GUARDIAN AD LITEM of two of decedent's minor children, MARETA DEAN and DARYL DEAN.   At all times mentioned herein the Plaintiff was a citizen of the United States and, at the time of the incident, was a resident of San Francisco County Plaintiff is a person with standing to bring a wrongful death action as a supplemental claim pursuant to California Code of Civil Procedure Sections 377.30 and 377.60.

4. Plaintiff MARETA DEAN, a successor in interest to the ESTATE of decedent, PAUL DEAN, is a minor child of the decedent, and at all times mentioned herein was a citizen of the United States and a resident of San Francisco County.  Plaintiff is a person with standing to bring the within action pursuant to California code of Civil Procedure Sections 377.30 and 377.60.

5. Plaintiff MATTHEW DEAN, a successor in interest to the ESTATE of the decedent, PAUL DEAN, is a minor child of the decedent, and at all times mentioned herein was a citizen of the United States and, at the time of the incident, was a resident of the City and County of San

Francisco.  Plaintiff is a person with standing to bring the within action pursuant to California Code of Civil Procedure Sections 377.30 and 377.60.  SARA BECK is Matthew Dean's guardian ad litem.

6. Plaintiff DARYL DEAN, a successor in interest to the ESTATE of the decedent, PAUL DEAN, is a minor child of the decedent, and at all times mentioned herein was a citizen of the United States and, at the time of the incident, was a resident of San Francisco County.  Plaintiff is a person with standing to bring the within action pursuant to California Code of Civil Procedure Sections 377.30 and 377.60.

7.     Defendant CITY OF SAN FRANCISCO ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California.  Defendant POLICE CHIEF HEATHER FONG is the chief of police for the Defendant CITY.

8.     At all times mentioned here, Defendant MAY was employed as a police officer for the defendant CITY.  MAY is sued individually and in his capacity as an employee of the CITY.  By engaging in the conduct described herein, MAY acted under color of law and in the course and scope of his employment for Defendant CITY.  By engaging in the conduct described herein, defendant MAY exceeded the authority vested in him as a police officer under the United States Constitution and as an employee of the CITY.

9.     Plaintiffs are ignorant of the true names and capacities of defendants DOES 1 through 50 inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as set forth.  Plaintiffs will amend their complaint to state the true names and capacities of defendants DOES 1 through 10, inclusive, when they have been ascertained.

Complaint For Damages (Jury Trial Demanded)

## STATEMENT OF FACTS

10. On March 30, 2004, Defendant, Officer MAY, stopped the Decedent, PAUL DEAN, for a seat belt violation while DEAN was driving a Toyota 4Runnder in San Francisco. MAY was driving a motorcycle at the time he made the stop. On information and belief, MAY stopped DEAN due to his race and MAY's subsequent actions were motivated in part by race.

11. DEAN left the scene without the permission of the officer and while doing so, ran over the defendant's foot.

12. MAY then got onto his motorcycle and pursued DEAN. He notified the central communications center of the San Francisco Police Department that he was in pursuit of DEAN.

13. The central command, whose members supervised the chase, decided to call the chase off and radioed instructions, or attempted to radio instructions, to those in pursuit of DEAN to call off the chase. The radio communication may not have reached the pursuing officers since the CITY has stated that there was a communications failure or communications "glitch."

14. DEFENDANT MAY either purposefully ignored the instruction to call off the chase or did not hear the instruction to call off the chase. In any event, MAY kept up his pursuit of DEAN.

15. DEAN, driving the TOYOTA, rear-ended a parked car near the corner of King and De Haro Streets, as he turned a corner. The accident stopped DEAN's TOYOTA in its tracks.

16. MAY, still in pursuit, pulled his motorcycle a safe distance from the stopped car, off to one side of the TOYOTA, got off his motorcycle, calmly took out his pistol, walked over toward the TOYOTA and, execution-style, fired numerous times into the back of the car toward

DEAN's driver seat.  DEAN may have been backing up at the time DEAN shot but in any event, backed up into another parked vehicle, essentially trapping him and the TOYOTA.

17.     At no time did the officer issue any verbal warnings to DEAN.

18.     MAY continued to shoot into the TOYOTA as he walked to the passenger side of the car and fired additional shots directly at DEAN through the window.  At no time was MAY in any danger nor did DEAN have any weapons in the automobile.

19.     DEAN died from the gunshot wounds.

## DAMAGES

20.     As a proximate result of defendants' conduct, decedent DEAN suffered damages including pain and physical injuries, emotional distress, loss of enjoyment of life, and other special damages, including, but not limited to burial expenses.  DEAN suffered physical pain and physical injuries after he was shot and prior to dying.

21.     The minor children plaintiff's have lost their father who supported them financially and emotionally.   They are entitled to all damages available to them under federal and state law.

22.     The Defendants conduct was mean spirited, malicious, wanton, and oppressive and done with a conscious, callous and/or reckless disregard for the rights of the Decedent and/or Plaintiffs.  Plaintiffs are therefore entitled to an award of punitive damages against the defendant.

23.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under law.  Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

Complaint For Damages (Jury Trial Demanded)

FIRST CAUSE OF ACTION
(42 U.S.C. §1983)
(PLAINTIFFS AS SUCCESSORS TO THE ESTATE OF DECEDENT PAUL DEAN)

COUNT ONE

24. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 23 of this complaint.

25. In doing the acts complained of, defendants acted under color of law to deprive the decedent and Plaintiffs of certain constitutionally protected rights, including, but not limited to.

  a. The right not to be deprived of life or liberty without due process of law, as guaranteed by the fifth and fourteenth Amendments of the United States Constitution;

  b. The right to be free from the use of excessive force by police officers, which is guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution;

  c. the right to be free from unreasonable searches and seizures under the 4th amendment to the United States Constitution;

  d. the right to continued familial relationship, association, comfort, society and affection of his children under the 14th Amendment to the United States Constitution;

  e. the right to be free from discrimination based on race under the 14th Amendment to the United States Constitution

26. As a proximate result of the violation of the Decedent's constitutional rights as alleged herein, Decedent and Plaintiffs suffered injuries, damages, including but not limited to, pain, suffering, emotional distress; loss of the enjoyment of life, special damages, including, but not limited to, future income and wage loss, funeral and burial expenses, interference with his right

of society, comfort and affection with the Plaintiffs and other general and special damages to be determined according to proof.

27.     The acts and/or omissions of Defendants MAY and/or DOES 1-50 and/or each of them, were intentional, malicious, oppressive, and/or done with a conscious, callous and/or reckless disregard for the rights of the Decedent and/or Plaintiffs. Therefore, Plaintiffs pray for an award of punitive damages in amounts to be determined according to proof.

28.     Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. Sections 1983, 1988 and/or other applicable laws.

WHEREFORE, plaintiffs pray for relief as set forth herein.

## COUNT TWO
PLAINTIFFS JANET DEAN, MARETA DEAN, MATTHEW DEAN, AND DARYL DEAN

29.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 28 of this complaint.

30.     In doing the acts complained of herein, Defendants MAY and/or DOES 1-50 and/or each of them, individually and/or while acting in concert with one another, did act under color of state law to deprive the Plaintiffs, as alleged heretofore, of certain constitutionally protected rights, including, but not limited to, the right to continued familial association, society, comfort, affection, support, and companionship of the Decedent as guaranteed by the First and/or Fourteenth Amendments to the United States Constitution.

31.     As a result of the violation of the Plaintiffs' constitutional rights as alleged herein, Plaintiffs suffered and will continue to suffer in the future, injuries and damages, including, but not limited to, loss of comfort, affection, society, support companionship and familial association

Complaint For Damages (Jury Trial Demanded)

of the Decedent, pain, suffering and emotional distress, funeral and burial expenses, loss of income and/or support, in amounts to be determined according to proof.

32. The acts and/or omissions of Defendants MAY and/or DOES 1-50 and/or each of them, were intentional, malicious, oppressive, and/or done with a conscious, callous and/or reckless disregard for the rights of the Decedent and/or Plaintiffs. Therefore, Plaintiffs pray for an award of punitive damages in amounts to be determined according to proof.

33. Plaintiffs are also entitled to recover their attorney's fees and costs pursuant to 42 U.S.C. Sections, 1983, 1988 and/or other applicable law.

Wherefore. Plaintiffs pray for relief as hereinafter set forth.

SECOND CAUSE OF ACTION<br>(42 U.S.C. § 1983 - <u>Monell</u>)
(Against defendants CITY AND COUNTY OF SAN FRANCISCO AND HEATHER FONG)

34. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 33 of this complaint. The CITY, by and through their supervisory employees and officials, including CHIEF FONG, has been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by the defendant police officers. Despite such notice, Defendant CITY and FONG demonstrated deliberate indifference to this pattern and these practices of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by the defendant officers. This lack of an adequate supervisory response by Defendants CITY and FONG demonstrates the existence of an informal custom or policy which tolerates and promotes the use of excessive force and violations of civil rights of residents of and visitors to the City of San Francisco.

8

Complaint For Damages (Jury Trial Demanded)

36.     The acts of the defendant MAY alleged herein are the direct and proximate result of the deliberate indifference of Defendant CITY and FONG, and their supervisory officials and employees to violations of constitutional rights of citizens by the defendant officer.  The plaintiffs' injuries were foreseeable and a proximate result of the deliberate indifference of the CITY and FONG to the pattern, practices, customs, and policies described above.

37.     The CITY and FONG have also been put on notice that its officers in hot pursuit do not follow and, in fact, ignore departmental rules and regulations regarding hot pursuits and particularly rules relating to communications about pursuit.   At all times mentioned herein, it was the policy and/or custom of CITY and FONG to allow its police officers to improperly pursue citizens while in hot pursuit, thereby failing to adequately discourage constitutional violations on the part of its police officers.   Despite such notice, Defendant CITY and FONG demonstrated deliberate indifference to this pattern and these practices of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by the defendant officers.  This lack of an adequate supervisory response by Defendant CITY and FONG demonstrates the existence of an informal custom or policy which tolerates and promotes the use of excessive force and violations of civil rights of residents of and visitors to the City of San Francisco.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### THIRD CAUSE OF ACTION
(Assault and Battery)

38.      Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 37 of this complaint.

39.     Defendant MAY placed the decedent in immediate fear of death and severe bodily harm by shooting him without just provocation or cause.  Defendant committed assault and battery

9

Complaint For Damages (Jury Trial Demanded)

against the decedent by drawing his weapon, approaching the decedent, then shooting him even though the decedent did not have a weapon in his possession.

40.     Defendant's conduct was neither privileged nor justified under statute or common law.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

41.      Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 40 of this complaint.  The conduct of defendant MAY, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.  Defendant MAY, angry about DEAN'S having run over his foot, planned to kill DEAN once he caught up to him. He shot the decedent multiple times, putting him in fear for his life when his worst crime was stealing a car and fleeing arrest.  MAY deliberately injured the decedent and did the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon all the plaintiffs.

42.     As a proximate result of defendants' willful, intentional and malicious conduct, the plaintiffs suffered severe extreme mental and emotional distress.  Therefore, the plaintiffs are entitled to an award of punitive damages as against MAY.  Plaintiffs have suffered damages as set forth.

WHEREFORE, Plaintiffs prays for relief as set forth herein

### FIFTH CAUSE OF ACTION
(California Civil Code §52.1)

43.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 42 of this complaint.

44. The conduct and actions of defendant MAY as described herein violated California Civil Code §52.1, in that MAY's actions interfered with the decedent's exercise and enjoyment of his civil rights, as enumerated above, through use of wrongful force, including his right to be free from violence and the threat of violence.

45. As a direct and proximate result of defendant's violations of Civil Code §52.1, the decedent suffered violations of his constitutional rights, and suffered damages as set forth.

46. Since MAY'S wrongful conduct occurred in the course and scope of his employment, defendant CITY is therefore liable to the ESTATE pursuant to respondeat superior.

47. The decedent's estate is entitled to injunctive relief and an award of reasonable attorney's fees pursuant to Civil Code §52.1(h).

WHEREFORE, plaintiff prays for relief as set forth herein.

### SIXTH CAUSE OF ACTION
(Wrongful Death/Negligence or Intentional)

48. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 47 of this complaint.

49. At all times herein mentioned, defendant MAY was subject to a duty of care to avoid causing unnecessary physical harm and distress to citizens in the exercise of his employment. The conduct of defendant MAY, as set forth herein, did not comply with the standard of care to be exercised by reasonable police, proximately causing plaintiff to suffer damages as set forth herein.  Defendants acts as alleged herein were negligent or alternatively, were done maliciously and intentionally . Defendant MAY shot the decedent without good cause and without provocation. Defendant CITY failed to properly train its police officer employees and failed to properly operate its communications systems.

50.     As a proximate result of the defendants acts as alleged herein, decedent died on March 30, 2004.

51.     Prior to the death of decedent, plaintiffs depended upon him on him for their support and maintenance.

52.     As a proximate result of the defendants acts, and each of them, and of the death of decedent, plaintiffs have sustained pecuniary loss resulting from the loss of the society, comfort, attention, services, and support of decedent.

53.     As a further proximate result of the defendants' acts, and each of them, and of the death of decedent, JANET DEAN, MATTHEW DEAN, DARYL DEAN and MARETA DEAN have incurred funeral and burial expenses.

WHEREFORE, Plaintiffs pray for relief as set forth.

SEVENTH CAUSE OF ACTION
(Negligent Selection, Training, Retention,
Supervision, Investigation and Discipline)
(Against defendants CITY OF SAN FRANCISCO, CHIEF FONG and
and DOES 1 through 50)

54.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 53 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

55.     Defendants CITY and FONG had a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline defendant police herein so as to avoid unreasonable risk of harm to citizens, including training officers on the CITY's policy for high speed chases, training in how to pursue or not pursue a fleeing suspect, and training in the use of

12

Complaint For Damages (Jury Trial Demanded)

deadly force.  The CITY is under a mandatory duty to adopt a vehicular pursuit policy pursuant to California Vehicle Code section 13519.8.

56.Defendants CITY and FONG by and through their supervisory officials and employees have been given notice on repeated occasions of a pattern of ongoing negligence by its employees as to the matters described above.

57.Despite this notice, Defendants CITY and FONG have demonstrated deliberate indifference to this pattern and practice of negligence by failing to take necessary, appropriate or adequate measures to prevent the continued perpetuation of this pattern of conduct by its police officer employees.

58.Defendants CITY and FONG breached their duty of care to citizens in its failure to adequately train the defendant MAY in the proper means of vehicular pursuit and the use of force in the course of his employment as a police officer.  This lack of an adequate supervisory response by Defendants CITY and FONG and the lack of adequate training promotes the continuing use of excessive force and improper vehicular pursuits.

59.As a proximate result of Defendant CITY and WONG's wrongful conduct, plaintiffs suffered damages as set forth herein.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

NINTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

60.Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 59 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

13

Complaint For Damages (Jury Trial Demanded)

61.     At all times herein mentioned, defendant MAY was subject to a duty of care to avoid causing unnecessary physical harm and distress to citizens in the exercise of the police function. The conduct of MAY, as set forth herein, did not comply with the standard of care to be exercised by a reasonable police officer, proximately causing the decedent to suffer damages as set forth herein.

62.     The conduct of defendant MAY as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.

63.     As a proximate result of defendant MAY's willful, intentional and malicious conduct, the decedent suffered severe and extreme mental and emotional distress.  The decedent suffered damages as set forth.

   WHEREFORE, Plaintiff prays for relief as set forth below.

## CLAIM REQUIREMENT

64.     For state causes of action, plaintiffs are required to comply with an administrative claim requirement under California law.  All plaintiffs have complied with all applicable requirements.

## JURY DEMAND

Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

   1. General damages according to proof;

   2. Special damages according to proof;

   3. Punitive damages against the individually named police officers according to proof;

14

Complaint For Damages (Jury Trial Demanded)

4. For funeral and burial expenses for the decedent according to proof;

5. For interest on all economic damages in the legal amount from March 30, 2004, to the date of judgment;

6. Exemplary damages in the amount of $25,000 for each violation pursuant to California Civil Code §52.1(b) and reasonable attorneys fees pursuant to California Civil Code §52.1(h).

7. Reasonable attorneys fees pursuant to 42 U.S.C.§1988;

8. Costs of suit incurred herein; and,

9. Such other and further relief as the Court may deem just and proper.

THE LAW OFFICES OF RANDOLPH DAAR
THE LAW OFFICES OF MATTHEW KUMIN, P.C.

Dated:_____        By: _____
                                    MATTHEW KUMIN
                                    Attorney for Plaintiffs

Complaint For Damages (Jury Trial Demanded)