1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SEAN F. CONNOLLY, State Bar #152235
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3863
6  Facsimile:     (415) 554-3837
   E-Mail:        sean.connolly@sfgov.org
7
   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO,
   SAN FRANCISCO POLICE CHIEF FONG, AND
9  SAN FRANCISCO POLICE OFFICER DANNY MAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET DEAN, individually, as successor to PAUL DEAN, and as Guardian Ad Litem for MARETA DEAN, a minor, and DARYL DEAN, a minor, SARA BECK, individually and as Guardian Ad Litem for MATTHEW DEAN, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE CHIEF HEATHER FONG, SAN FRANCISCO POLICE OFFICER DANNY MAY, DOES 1-50,<br><br>Defendants. | Case No. C 05-1876 EDL<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL** |

Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the documents covered by this order require the protection of a protective order and that the mode of discovery of these documents be pursuant to this order.

GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

## STIPULATED PROTECTIVE ORDER

1. Plaintiffs seek discovery of certain personnel records related to the individual defendants in this action.  Defendants will produce certain personnel records to plaintiffs' counsel pursuant to and conditioned upon this Protective Order.

2. The materials to be produced will be referred to and identified as "CONFIDENTIAL" or "CONFIDENTIAL PERSONNEL INFORMATION" documents.

3. The CONFIDENTIAL PERSONNEL INFORMATION shall not be exhibited, played or otherwise disclosed, by plaintiff's counsel to other persons, except as specifically provided herein.

4. Plaintiff's Counsel may exhibit and/or disclose CONFIDENTIAL PERSONNEL INFORMATION only to the following categories of person and no other unless authorized by Order of the Court:

    a. Plaintiff's Counsel;

    b. Retained experts, retained investigators or consultants retained by plaintiff's counsel to assist in the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant is permitted to review the CONFIDENTIAL PERSONNEL INFORMATION, such individual must agree to comply with the terms of this Protective Order by executing the document attached as Exhibit A.  Plaintiff's counsel shall file and serve any Agreement to Comply with the terms of the Order upon its execution; however, plaintiff's counsel shall not be required to file any Agreement to Comply any earlier than the date that Expert Disclosures are required to be made.  Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL PERSONNEL INFORMATION to any other person.

5. Counsel for plaintiff may <u>not</u> provide originals or copies of the CONFIDENTIAL PERSONNEL INFORMATION to any plaintiff absent the written agreement of counsel for the City or a Court Order.  For purposes of evaluating the settlement value or potential jury verdict, counsel for plaintiff may discuss the general nature of the CONFIDENTIAL PERSONNEL INFORMATION

with plaintiffs without disclosing any identifying details about a specific incident or any documents. Plaintiffs' counsel may also review with a plaintiff any statement or interview given by that plaintiff.

6. Nothing contained in this order shall prohibit any person, including any persons described in 4(a-b) above, from using or referring to CONFIDENTIAL PERSONNEL INFORMATION covered by this Protective Order in motion papers or pleadings filed with the Court, provided that adequate provision is made to protect the confidentiality of the CONFIDENTIAL PERSONNEL INFORMATION and provided that any portion of such motion papers or legal pleadings that reference said CONFIDENTIAL PERSONNEL INFORMATION, if filed, are filed under seal pursuant to the Court's rules and procedures (see Civil Local Rule 79-5).

7. In the event any person described in 4(a-b) above, desires to exhibit documents or disclose CONFIDENTIAL PERSONNEL INFORMATION covered under this stipulation to witnesses during trial or pretrial proceedings, such person shall meet and confer with counsel for defendants to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure. Unless otherwise agreed, transcripts and exhibits that incorporate documents and CONFIDENTIAL PERSONNEL INFORMATION covered under this stipulation shall be sealed in accordance with the Court's rules and procedures, and shall be subject to the provisions of this Protective Order.

8. Nothing in this Order shall be deemed to: (1) limit or waive any right of any party to resist or compel discovery with respect to documents or other material which may be claimed to be privileged or otherwise protected or protectable; (2) preclude any party at any time from seeking and obtaining from the court, on an appropriate showing, additional protection, including an order that material shall not be produced at all; or (3) constitute a ruling on the admissibility of any documents or other material as evidence in this action.

9. All documents covered by this Order and copies thereof, including all copies provided to any persons described in 4(a-b) above, will be returned to the City at the termination of this litigation. On final disposition of this case, plaintiff's counsel shall within 30 days after the final disposition of this case, without request or further order of this Court, return all Information to the Deputy City Attorney of record in this matter. The provisions of this Order, insofar as they restrict

1  the communication and use of the documents or information covered by this Order, shall, without
2  written permission of the City or further order of the court, continue to be binding after the
3  conclusion of the action.
4      10.    If the Court finds that any person, including any person described in 4(a-b) above, is
5  responsible for the unauthorized disclosure of any documents, records or Confidential Personnel
6  Information disclosed pursuant to this Protective Order, plaintiffs or plaintiff's counsel, or any person
7  disclosing such documents, including any persons described in 4(a-b) above, or any of them, may be
8  subject to sanctions and possible contempt.
9      IT IS AGREED:
10  Dated:  February 28, 2006
                                    DENNIS J. HERRERA
11                                  City Attorney
                                    SEAN F. CONNOLLY
12                                  Deputy City Attorneys
13
                                 By: /s/ Sean F. Connolly
14                                  SEAN F. CONNOLLY
                                    Attorneys for Defendants
15
    Dated:   2/7, 2006
16                                  Randolf Daar, Esq.

17                               By: /s/ Randolph Daar
                                    RANDOLPH DAAR
18                                  Attorney for Plaintiffs

19  Dated:  2-10, 2006
                                    Matthew Kumin, Esq.
20
                                 By: /s/ Matthew Kumin
21                                  MATTHEW KUMIN
                                    Attorney for Plaintiffs
22
23                           **ORDER**

24      PURSUANT TO STIPULATION, IT IS SO ORDERED.

25   March 2, 2006                    _____
                                      MAG. JUDGE ELIZABETH LAPORTE
26  DATED:                            UNITED STATES DISTRICT COURT
27
28

PROTECTIVE ORDER                                          n:\lit\li2005\051686\00356878.doc
CASE NO.  C 05-1876

*IT IS SO ORDERED*
*Judge Elizabeth D. Laporte*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

PROTECTIVE ORDER
CASE NO.  C 05-1876

n:\lit\li2005\051686\00356878.doc

*Janet Dean et al. v. City and County of San Francisco*, *et al.*, Case No. C05-1876 EDL
United States District Court, Northern District of California

**AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL PERSONNEL INFORMATION**

I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL PERSONNEL INFORMATION. I agree to abide by all terms of the Order. In addition, I specifically understand and agree to the following:

1. I will not disclose the CONFIDENTIAL PERSONNEL INFORMATION to any other person.

2. I understand that I have no power to authorize any other person to review the CONFIDENTIAL PERSONNEL INFORMATION.

3. I agree not to make copies of the CONFIDENTIAL PERSONNEL INFORMATION.

4. I agree to return the CONFIDENTIAL PERSONNEL INFORMATION to the counsel for the party that produced it, at or before the conclusion of this litigation.

5. I understand that if I violate any of the terms of the Protective Order, then Plaintiffs, Plaintiffs' Counsel, and I may be subject to sanctions or possible contempt.

AGREED:

DATE  2/27/06         /s/Matthew Kumin
                      MATTHEW KUMIN, ESQ.

DATE  2/16/06         /s/Randall Daar
                      RANDALL DAAR, ESQ.

PROTECTIVE ORDER
CASE NO. C 05-1876

n:\lit\li2005\051686\00356878.doc