IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET DEAN, et al.<br><br>        Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>        Defendants._____/ | No. C-05-01876 EDL<br><br>**ORDER GRANTING PETITIONS FOR GUARDIAN AD LITEM** |

On February 28, 2006, Plaintiffs filed two petitions for appointment of guardians ad litem. Plaintiff Sarah Beck, the mother of Plaintiff Matthew Dean, seeks to be appointed as the guardian ad litem for Matthew. Plaintiff Janet Dean, the grandmother of Plaintiffs Daryl and Mareta Dean, seeks to be appointed as the guardian ad litem for Daryl and Mareta. Defendant opposed the petitions and the Court held a hearing on March 21, 2006. On March 27, 2006, Plaintiffs' counsel filed a declaration from Kelly Boswell, the mother of Daryl and Mareta, consenting to the appointment of Janet Dean as guardian ad litem for Ms. Boswell's children.

The Court finds that the petitions are timely. Unlike California law, Federal Rule of Civil Procedure 17, which is the applicable rule in this case, does not contain a time constraint for filing a petition for guardian ad litem. Compare Cal. Code Civ. Proc. § 373(a) ("If the minor is the plaintiff the appointment must be made before the summons is issued . . . .") with Fed. R. Civ. P. 17(c) ("The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."); see also Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001) ("It is well established that the appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure."); see also 6A Charles Wright & Arthur Miller &

Mary Kay Kane, Federal Practice and Procedure, § 1571, at 511-12 (1991) (the Erie doctrine does not require application of state law to guardian ad litem applications); Moore's Federal Practice, § 17.21[3] ("To determine whether an individual is considered a minor or incompetent person, Rule 17(c) must be read in conjunction with Rule 17(b). Under Rule 17(b), the capacity of an individual to sue or be sued is determined by the law of the individual's domicile. Thus, whenever an individual lacks capacity to sue or be sued under the law of the individual's domicile because the individual is underage or is otherwise incompetent, the provisions of Rule 17(c) come into play and the court must appoint a guardian ad litem or make some other provision for the protection of the individual. At this stage in the process, the court is not guided by state law but rather should be guided by the protection of the individual's interests.").

Moreover, the Court finds that appointment of the proposed guardians ad litem will be in the minors' best interests. The guardians ad litem do not have interests adverse to the minors and would act to protect the minors' rights. For these reasons and those stated at the hearing, the petitions for appointment of guardian ad litem are granted.

**IT IS SO ORDERED.**

Dated: March 28, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge